IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donald L. Parsons, | Case No. 3:10 CV 726 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| United States of America, et al., | |
| Defendants. | |

### BACKGROUND

*Pro se* Plaintiff Donald Parsons filed this action under 42 U.S.C. § 2000E against the United States of America, the United States Department of Justice, and the United States Attorney's Office. 42 U.S.C. § 2000E has no relation to the facts presented in this case.

This case is related to a prior foreclosure case brought against Plaintiff by the United States of America in this District. *United States of America v. Parsons*, *et al*, Case No. 3:98 CV 7275. Summary judgement was granted to the United States, foreclosure and marshaling of liens were ordered, and the property was sold (Doc. Nos. 34, 35, 40). Plaintiff continued to fight the court's decision by filing numerous frivolous motions, including: Motion for Order Returning the Farm (Doc No. 49); Motion for Court to Order FBI to Wire Tap Phones of Huron County Prosecutor (Doc. No. 51); Motion for Court Order Seeking $3,000.00 Illegally Forced to Pay Norwalk Municipal Court (Doc. No. 55); and Motion for Order Re: Criminal Charges Against Huron County (Doc. No. 58). The Sixth Circuit affirmed the court on Plaintiff's appeal of the denial of all of his motions. *United States v. Parsons*, 57 Fed. App'x 249 (6th Cir. 2003).

After receiving twenty-one letters from Plaintiff that were mostly related to the previous denied motions, the court enjoined him from filing further pleadings (Doc. No. 113). On October 31, 2008, the Sixth Circuit affirmed the court's decision. *United States of America v. Parsons*, Case No. 07-4156.

In the present case, Plaintiff alleges the United States Government is attempting to get rid of him by stealing his automobile, running it into a bridge, and setting him up for a DUI because of Huron County wire taps. The remaining allegations are similarly bizarre.

## ANALYSIS

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

The facts alleged in the Complaint appear to be connected to the foreclosure action. In that case, Plaintiff raised some of the same frivolous claims alleged here. The court enjoined him from filing further pleadings in the foreclosure case. The present case is nothing more than an attempt to bypass the ban of the previous court order.

**CONCLUSION**

Accordingly, this action is dismissed, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 3, 2010